**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ASADUZ KHAN,**

       **Plaintiff,**

    **v.**                                         **Civil Action No. 3:13-cv-542**

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

**EQUIFAX INFORMATION SERVICES, LLC,**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**TRANS UNION, LLC,**

       **Defendants.**

<u>**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S**</u>
<u>**ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA" and/or "Defendant"), submits the following as its Answer in response to the Complaint filed by Plaintiff Asaduz Khan ("Plaintiff"):

<u>**PRELIMINARY STATEMENT**</u>

1.     PRA admits that Plaintiff is attempting to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* PRA denies any liability to Plaintiff pursuant to the FCRA.

<u>**JURISDICTION**</u>

2.     The allegations set forth in paragraph 2 of the Complaint regarding jurisdiction and venue call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

## PARTIES

3.      The allegations set forth in paragraph 3 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied. To the extent a further response is necessary, PRA lacks knowledge to admit or deny the remaining allegations set forth in paragraph 3 of the Complaint and, therefore, must deny the same

4.      PRA admits that it is a Delaware limited liability company with its headquarters in Virginia.  The remaining allegations contained in paragraph 4 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

5.      PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6.      PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies same.

7.      PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8.      PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.      PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10.      PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies same.

11.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies same.

13.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

## FACTS

14.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15.     Upon information and belief, PRA admits that Plaintiff contacted PRA directly in December 2011 and that Plaintiff claimed this was not his account, disputed the reporting of this account in his credit report, requested that his credit report be updated with this account removed, claimed the account was opened with a company called Bangalee, Inc., claimed he had no relationship with Bangalee, Inc. admitted he knew the account was opened up in his name, and stated Bangalee, Inc., filed for bankruptcy. PRA lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies same. Except as specifically admitted, PRA denies the allegations in paragraph 15 of the Complaint.

16.     Upon information and belief, PRA admits that Plaintiff made multiple additional disputes regarding the reporting of this account in his credit report and denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     In Paragraph 17 of the Complaint, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's

- 3 -

allegations vary from the documents, they are denied. PRA lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Complaint.

18.     The statements contained in Paragraph 18 of Plaintiff's Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

19.     Upon information and belief, PRA admits that Plaintiff disputed the account directly with Equifax and/or other consumer reporting agencies on multiple occasions since March 2012.

20.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

21.     PRA admits Plaintiff was an authorized user on the credit card account that is the subject of this Complaint. PRA lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies same.

22.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies same.

24.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies same.

25.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies same.

26.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies same. To the extent a further response is required, the allegations in Paragraph 26 attempt to characterize a document that speaks for itself.  To the extent the allegations differ from the document at issue, they are denied.

27.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint. To the extent a further response is required, the allegations in Paragraph 27 attempt to characterize a document that speaks for itself.  To the extent the allegations differ from the document at issue, they are denied.

28.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint. To the extent a further response is required, the allegations in Paragraph 28 attempt to characterize a document that speaks for itself.  To the extent the allegations differ from the document at issue, they are denied.

29.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint. To the extent a further response is required, the allegations in Paragraph 29 attempt to characterize a document that speaks for itself.  To the extent the allegations differ from the document at issue, they are denied.

30.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies same.

31.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies same.

32.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies same.

33.     PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies same.

34.     PRA admits that on one or more occasions Equifax, Experian and Trans Union forwarded Plaintiff's disputes to PRA and that PRA had notice of Plaintiff's disputes regarding the reporting of this account to the consumer reporting agencies.  PRA denies that it failed and refused to investigate and correct any alleged inaccurate reporting.

**COUNT ONE:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681e(b)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

35.     PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

36.     Plaintiff's allegations relate to other defendants.   Accordingly, PRA lacks knowledge or information sufficient to form a belief as to allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies same.

37.     Plaintiff's allegations relate to other defendants.   Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies same.

38.     Plaintiff's allegations relate to other defendants.   Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies same.

39.     Plaintiff's allegations relate to other defendants.   Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies same.

**COUNT TWO:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681i(a)(1)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

40.      PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

41.      Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore denies same.

42.      Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore denies same.

43.      Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore denies same.

44.      Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiff's Complaint and therefore denies same.

**COUNT THREE:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681i(a)(2)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

45.      PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

46.      Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore denies same.

47.     Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies same.

48.     Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies same.

49.     Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore denies same.

**COUNT FOUR:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681i(a)(4)**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

50.     PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

51.     Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore denies same.

52.     Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiff's Complaint and therefore denies same.

53.     Plaintiff's allegations relate to other defendants.    Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiff's Complaint and therefore denies same.

54. Plaintiff's allegations relate to other defendants. Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of Plaintiff's Complaint and therefore denies same.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(5)(A)
### (EQUIFAX, EXPERIAN and TRANS UNION)

55. PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

56. Plaintiff's allegations relate to other defendants. Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Complaint and therefore denies same.

57. Plaintiff's allegations relate to other defendants. Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of Plaintiff's Complaint and therefore denies same.

58. Plaintiff's allegations relate to other defendants. Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Complaint and therefore denies same.

59. Plaintiff's allegations relate to other defendants. Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore denies same.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681s-2(b) (1)(A)
### (PORTFOLIO)

60. PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

61.    PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Complaint and therefore denies same.

62.    PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiff's Complaint and therefore denies same.

63.    Plaintiff's allegations relate to other defendants.  Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiff's Complaint and therefore denies same.

64.    The allegations set forth in Paragraph 65 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

65.    PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiff's Complaint and therefore denies same.

66.    The allegations set forth in Paragraph 66 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

67.    The allegations set forth in Paragraph 67 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

68.    PRA admits that it received indirect disputes regarding Plaintiff from Equifax, Experian and TransUnion via an ACDV.  Since Plaintiff's remaining allegations relate to other defendants, accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiff's Complaint and therefore denies same. By way of further response, PRA denies that it "verified" the reporting.

69.     The allegations set forth in Paragraph 67 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

70.     Plaintiff's allegations relate to other defendants.   Accordingly, PRA lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiff's Complaint and therefore denies same. To the extent a further response is necessary, the allegations set forth in Paragraph 70 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

71.     PRA denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     PRA denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     PRA denies the allegations in Paragraph 73 of Plaintiff's Complaint.

74.     PRA denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75.     The allegations set forth in Paragraph 75 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

74.[1]    The allegations set forth in Paragraph 74 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

76.     In Paragraph 76 of the Complaint, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

---

[1] The numbering of paragraphs in the Complaint appears incorrect. For consistency purposes, in its Answer PRA has retained the numbering contained in the Complaint.

77.     The allegations set forth in Paragraph 77 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

78.     The allegations set forth in Paragraph 78 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

79.     The allegations set forth in Paragraph 79 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied. By way of further response, PRA specifically denies it committed any "failures" regarding Mr. Khan's account.

80.     PRA denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     PRA denies the allegations in Paragraph 81 of Plaintiff's Complaint.

**COUNT SEVEN:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681s-2(b)(1)(B)**
**(PORTFOLIO)**

82.     PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

83.     PRA denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84.     The allegations set forth in Paragraph 84 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

85.     The allegations set forth in Paragraph 85 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

86.     The allegations set forth in Paragraph 86 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

87.     PRA denies the allegations in Paragraph 87 of Plaintiff's Complaint.

88.     PRA denies the allegations in Paragraph 88 of Plaintiff's Complaint.

89.     PRA denies the allegations in Paragraph 89 of Plaintiff's Complaint.

**COUNT EIGHT:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681s-2(b)(1)(C) and (D)**
**(PORTFOLIO)**

90.     PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

91.     PRA denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     PRA denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     PRA denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     The allegations set forth in Paragraph 94 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

95.     PRA denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     PRA denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     The allegations set forth in Paragraph 98 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

98.     The allegations set forth in Paragraph 98 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

99.     The allegations set forth in Paragraph 99 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

100.    The allegations set forth in Paragraph 100 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied. By way of further response, PRA specifically denies it committed any "failures" regarding Mr. Khan's account.

101.    PRA denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    PRA denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

### COUNT NINE:  DEFAMATION
### (PORTFOLIO)

103.    PRA incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

104.    The allegations set forth in Paragraph 104 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

105.    PRA denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    PRA denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    PRA denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.    PRA denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    PRA denies the allegations set forth in the "WHEREFORE" paragraph immediately following Paragraph 108.

110.    PRA denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief set forth in the Complaint.

111.    PRA denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever.

112.    PRA denies any and all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

113.    PRA reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

114.    PRA reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## <u>AFFIRMATIVE DEFENSES</u>

PRA hereby sets forth the following affirmative and other defenses to the complaint, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

1.    Plaintiff's claims may be barred to the extent that the Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c), including but not limited to the extent the claim for defamation is barred by the Virginia statute of limitations and/or preempted under the FCRA and/or barred by the qualified immunity under the FCRA.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

- 15 -

2.      Plaintiff cannot recover from PRA to the extent that any damages that Plaintiff may have suffered, which PRA continues to deny, directly and proximately resulted from Plaintiff's own acts and/or omissions.

3.      Plaintiff cannot recover from PRA to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which PRA continues to deny, have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom PRA had no control, and for whose PRA is not responsible, which bars or diminishes any recovery by Plaintiff against PRA.

4.      Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

5.      Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

6.      Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.  Additionally, PRA states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, PRA is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia.  *See Williams v. Telespectrum, Inc.*, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

7.      At all times relevant, PRA acted reasonably and without any malice or intent to injure Plaintiff or to violate applicable federal or common law.

8.      Plaintiffs' claims may barred in whole or in part by the doctrines of waiver and/or estoppel and/or ratification.

- 16 -

9.      This Court lacks subject matter jurisdiction because Plaintiff's claims are subject to an Arbitration Agreement requiring him to submit his claims to mandatory and binding arbitration.  PRA hereby informs the Court and the parties that it intends to exercise its right to arbitration under the Arbitration Agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq.*

10.     At all times relevant, PRA acted neither negligently nor willfully within the meaning of the FCRA, 15 U.S.C. §§ 1681, *et seq.*, and it acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

11.     Plaintiff's claim for common law defamation fails to the extent it is preempted under 15 U.S.C. § 1681t(b)(1)(F).

12.     Plaintiff's claim for common law defamation fails to the extent it is barred by the qualified immunity of 15 U.S.C. § 1681h(e).

13.     Plaintiff's claim for common law defamation is barred, in whole or in part, by the one-year statute of limitations found in Va. Code § 8.01-247.1 and/or the doctrine of laches.

14.     Plaintiff's claim for common law defamation is barred, in whole or in part, by the common law affirmative defense of qualified privilege.

15.     Plaintiff has not been damaged; therefore, Plaintiff may not recover against PRA.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC prays that Plaintiff's Complaint be dismissed with prejudice, that judgment be granted in favor of Portfolio Recovery Associates, LLC and that the relief requested by Plaintiff be denied, that all costs be taxed against Plaintiff, and for such other and further relief as the Court deems just and proper.

Dated: November 19, 2013                    Respectfully submitted,

PORTFOLIO RECOVERY ASSOCIATES, LLC

By: ____/s/ Jason E. Manning_____
                      Of Counsel

Jason E. Manning (VSB No. 74306)
Ethan G. Ostroff (VSB No. 71610)
*Counsel for Defendant Portfolio Recovery Associates, LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: jason.manning@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Asaduz Khan**
Thomas R. Breeden
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, VA 20109
E-mail: trb@tbreedenlaw.com

Leonard A. Bennett
Susan M. Rotkis
CONSUMER LITIGATION ASSOCIATES
763 J Clyde Morris Boulevard, Suite 1A
Newport News, Virginia 23601
Email: lenbennett@cox.net
Email: srotkis@clalegal.com

**Counsel for Defendant Equifax Information Services LLC**
John W. Montgomery, Jr.
JOHN W. MONTGOMERY, JR., ATTORNEY, PLC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
E-mail: jmontgomery@jwm-law.com

**Counsel for Defendant Experian Information Solutions, Inc.**
David N. Anthony
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
E-mail: david.anthony@troutmansanders.com

**Counsel for Defendant Trans Union, LLC**
GRANT EDWARD KRONENBERG
Morris & Morris PC
11 South 12th Street, 5th Floor
Richmond, VA 23218
E-mail: gkronenberg@morrismorris.com

_____ /s/ Jason E. Manning _____
Jason E. Manning (VSB No. 74306)
Ethan G. Ostroff (VSB No. 71610)
*Counsel for Defendant Portfolio Recovery Associates, LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: jason.manning@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

21550078v1